1
Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
2
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
3
Office: (480) 756-8822
Fax: (480) 302-4186
4
floyd@bybeelaw.com

5
Todd D. Simpson, SB 031251
**LARSON & SIMPSON, PLC**
6
90 S. Kyrene Rd, Ste. 5
Chandler, AZ 85226-4687
7
Phone: (602) 730-2875
Fax: (866) 359-3374
8
todd@larsonandsimpson.com

9
Attorneys for Plaintiff

10

11
**UNITED STATES DISTRICT COURT**

12
**DISTRICT OF ARIZONA**

13

| | | |
|---|---|---|
| 14  Angelica Jackson; | ) | No. |
| 15 | ) | |
| 16      Plaintiff, | ) | **COMPLAINT** |
| 17  v. | ) | |
| 18  General Revenue Corporation; | ) | (Jury Trial Demanded) |
| 19 | ) | |
| 20      Defendant. | ) | |
| 21 | ) | |

22
**Preliminary Statement**

23
1.    On one or more occasions Defendant obtained the Plaintiff's credit

24
report in violation of the Fair Credit Reporting Act ("FCRA"), 15

25
U.S.C. §§ 1681 *et seq*. Plaintiff seeks monetary, declaratory and injunc-

1    tive relief.

2    <center>**Jurisdiction and Venue**</center>

3    2.    Jurisdiction over this action is premised upon 15 U.S.C. § 1681p and

4          28 U.S.C. § 1367.

5    3.    Venue is proper in this District under 28 U.S.C. § 1391(b), and in that

6          the Defendant's conduct complained of occurred in the District.

7    <center>**Parties**</center>

8    4.    Plaintiff is an individual who at all times relevant resided in Maricopa

9          County, Arizona.

10    5.    Defendant General Revenue Corporation ("GRC") is a national

11          collection agency licensed to conduct business within the state of

12          Arizona.

13    <center>**Factual Allegations**</center>

14    <center>***The Impermissible Access***</center>

15    6.    On January 14, 2015, GRC accessed or obtained a consumer report

16          (hereinafter "credit report" or "consumer report") on Ms. Jackson from

17          Trans Union, a national consumer reporting agency.

18    7.    GRC's stated purpose for requesting the credit report was "account

19          review."

20    8.    Plaintiff previously filed Chapter 7 bankruptcy on July 1, 2014.

21    9.    The account GRC was attempting to collect on behalf of Maricopa

22          Community Colleges was included in Plaintiff's Chapter 7 bankruptcy.

23    10.    Maricopa Community Colleges was notified by the Bankruptcy court of

24          Plaintiff's filing on or about July 3, 2014.

25    .

<center>- 2 -</center>

1   11.   Plaintiff received a discharge of her debts on October 16, 2014.

2   12.   The bankruptcy court sent notice of Plaintiff's discharge to Maricopa
3         Community Colleges on October 16, 2014.

4   13.   GRC did not have a permissible purpose for making the credit report
5         inquiry on Plaintiff on January 14, 2015.

6   14.   At the time GRC made its inquiry, GRC knew, or should have known,
7         that the account it was attempting to collect from Plaintiff had been
8         included and discharged in Ms. Jackson's Chapter 7 bankruptcy.

9   15.   At the time GRC made its inquiry, GRC knew, or should have known,
10        that its stated purpose for obtaining Ms. Jackson credit report, that of
11        "Account Review," was false.

12  16.   At the time GRC made its inquiry, GRC knew, or should have known,
13        that it did not have a permissible purpose to access Ms. Jackson's
14        credit report.

15  17.   GRC failed to conduct a reasonable investigation as to whether
16        Plaintiff's account with Maricopa Community Colleges had been
17        included in a bankruptcy prior to making its credit report inquiry on
18        January 14, 2015.

19  18.   Upon information and belief, at the time GRC obtained Plaintiff's
20        credit report on January 14, 2015,  GRC had a policy of regularly
21        ignoring the bankruptcy discharge of its customers and regularly
22        obtained credit reports under the guise of an "Account Review."

23                          ***Other Impermissible Accesses***

24  19.   Upon information and belief, GRC accessed Ms. Jackson's consumer
25        report one or more times between January 6, 2014 and January 6, 2016

- 3 -

1    without a permissible purpose.

2    <div align="center">**Count I.   Violation of FCRA**</div>

3    <div align="center">***Negligently Obtaining Consumer Report Without Permissible Purpose***</div>

4    20.    Plaintiff incorporates the preceding paragraphs.

5    21.    GRC acted negligently in requesting and obtaining Ms. Jackson's

6    credit reports without a permissible purpose.

7    22.    GRC's conduct in obtaining Ms. Jackson's credit reports without a

8    permissible purpose therefore violated 15 U.S.C. §1681b(f).

9    23.    As a result of GRC's violation of the FCRA, Ms. Jackson has suffered

10    an invasion privacy, and other actual damages.

11    WHEREFORE, the plaintiff requests that this Court enter judgment in

12    her favor and against defendant GRC as follows:

13    a.    pursuant to 15 U.S.C. § 1681*o*(a)(1), award her actual damages,

14    for each impermissible access of her credit report;

15    b.    pursuant to 15 U.S.C. § 1681*o*(a)(2), award costs of the action

16    and reasonable attorney fees; and

17    c.    grant such other and further relief as the court deems just and

18    proper.

19    <div align="center">**Count II.   Violation of FCRA**</div>

20    <div align="center">***Willfully Obtaining Consumer Report Without  Permissible Purpose***</div>

21    24.    Plaintiff incorporates the preceding paragraphs.

22    25.    GRC acted willfully in requesting and obtaining Ms. Jackson's credit

23    reports without a permissible purpose.

24    26.    GRC's conduct in willfully obtaining Ms. Jackson's credit reports

25    without a permissible purpose therefore violated 15 U.S.C. §1681b(f).

27.     As a result of GRC's violation of the FCRA, Ms. Jackson has suffered an invasion privacy, and other actual damages.

WHEREFORE, the plaintiff requests that this Court enter judgment in her favor and against defendant GRC as follows:

a.     pursuant to 15 U.S.C. § 1681n(a)(1)(A), award her actual damages, or not less than $100 and not more than $1,000 for each impermissible access of her credit report, whichever is greater;

b.     pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive damages as the Court deems appropriate;

c.     pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action and reasonable attorney fees; and

d.     grant such other and further relief as the court deems just and proper.

### Demand for Jury Trial

Plaintiff hereby demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED:   January 6, 2016  .

s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Todd D. Simpson, SB 031251
**LARSON & SIMPSON, PLC**
90 S. Kyrene Rd, Ste. 5
Chandler, AZ 85226-4687
Phone: (602) 730-2875
Fax: (866) 359-3374
todd@larsonandsimpson.com

Attorneys for Plaintiff